IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WELLPATH, LLC *et al.* ) | |
| ) | Case No. 3:21-cv-00675 |
| v. ) | Chief Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| EVANSTON INSURANCE COMPANY ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion for leave to amend. (Docket No. 56.) Defendant filed a response is opposition. (Docket No. 58.) For the reasons discussed below, Plaintiffs' motion for leave to amend (Docket No. 56) is GRANTED. The Clerk is directed to separately file the amended complaint and accompanying exhibits, which are presently found at Docket Nos. 56-1 through 56-9. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), thus rendering moot Defendant's pending motion to dismiss. The Clerk is therefore directed to terminate that motion (Docket No. 47) without prejudice to refiling as to the amended complaint as appropriate. Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.[1]

**A.   Background**

Familiarity with this case is presumed and the background and procedural history are recited again only as necessary to explain or give context to the Court's ruling.[2] This is an insurance coverage case, which was originally filed in the United States District Court for the Eastern District of

---

[1] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil Procedure.
[2] The recited background and procedural history are taken from the record and, unless otherwise noted, are generally undisputed.

Pennsylvania. There, Defendant filed a motion to dismiss and, alternatively, requesting a transfer of venue. The Eastern District of Pennsylvania ultimately transferred the case to this district, without any ruling on Defendant's Rule 12(b)(6) challenges. For clarity of the record, this Court directed Defendant to refile its motion to dismiss, which Defendant did.

Plaintiffs assert that the refiled motion to dismiss went beyond the original motion filed in the Eastern District of Pennsylvania and suggested that Tennessee's bad faith statute is the governing source of any remedy available to Plaintiffs, but the complaint did not properly assert a bad faith claim under Tennessee law. Plaintiffs then sought leave to amend the complaint to add a bad faith claim. Defendant now opposes the motion to amend and asserts that the bad faith claim is time-barred and therefore futile.

### B. Legal Standards and Analysis

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1

2

(S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Rule 15, which governs the Court's consideration of the pending motion, states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). Sixth Circuit precedent clearly "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be 'freely given.'" Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted); *but see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (reviewing *de novo* district court's denial of motion for leave to amend because of futility). For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case, including futility.

The crux of Defendant's opposition focuses on the purported futility of Plaintiffs' proposed amendments because the amendments add a bad faith claim under Tennessee law that Defendant

3

asserts is time-barred.[3] A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

"Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint). This is particularly true where, as here, the parties have raised the same or similar legal issues in a dispositive motion that is concurrently pending before the district judge. *See* Docket Nos. 47 and 47-2. Under these circumstances, at least where the proposed amended claims are "arguably sufficient, it is usually a sound exercise of discretion to permit the claim[s] to be pleaded and to allow the merits of the claim[s] to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4; *see also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same).

---

[3] Defendant also briefly addresses the futility of Plaintiffs' additional allegations under the Tennessee Unfair Claims Practices Act. (Docket No. 58 at 14-15.) For the same reasons of judicial economy, the Court declines to rule on this additional futility argument.

4

Defendant's arguments in favor of dismissal and in opposition to the proposed amended complaint turn on whether Plaintiffs' bad-faith claim under Tennessee law is time-barred. In a nutshell, Plaintiffs' proposed amendments assert claims under Tennessee law, including a bad faith claim that Defendant asserts is untimely under applicable statute of limitations. Defendant's opposition to the requested amendment is based entirely on the merits of the bad faith claim, that is, whether Plaintiffs have timely asserted a meritorious bad faith claim, which is also the basis of Defendant's motion to dismiss.

The Court disagrees with Defendant that judicial economy would be served by a determination at this procedural juncture of the futility of Plaintiffs' claims.[4] "Allowing Defendants' substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts." *Local Spot*, 2020 WL 7554214, at *4.[5] Given this efficiency, and there being no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.[6]

---

[4] Nor does the Court agree that Plaintiffs have conceded a "major timeliness problem," as asserted in Defendant's response. (Docket No. 58 at 1) ("Plaintiffs know they have a major timeliness problem, which is why their motion concludes with a defensive argument that their time-barred claims are not futile.") Plaintiff's motion concludes with a defensive argument addressing futility because the issue of the timeliness of the bad faith claim has been discussed at multiple junctures, including in the initial case management order (Docket No. 35 at 4) and Defendant's motion to dismiss. Certainly, Plaintiffs know Defendant's position that they have a timeliness problem, but the Court does not view Plaintiffs' discussion of that issue as a concession. In fact, the Court would find it remiss if Plaintiffs did not address that issue, given the vehemence with which Defendant has asserted that the bad faith claim is time-barred.

[5] To be clear, allowance of the amendment should not be construed as a determination that Defendant's arguments for dismissal are without merit. The undersigned expresses no opinion on the merits of those arguments, including implicitly by granting Plaintiffs' motion to amend.

[6] The Court does not find any undue delay in Plaintiffs' requested leave to amend, as the motion was filed within the amendment deadline and as instructed by the Court. Nor does the Court find that Plaintiffs' requested amendment is in bad faith or that Plaintiffs have made repeated prior efforts to cure deficiencies. Similarly, the Court finds no undue prejudice to Defendant from the proposed amendment. Defendant clearly can respond to the substance of the amendments, as evidenced by the comprehensive and detailed opposition to Plaintiffs' motion for leave to amend.

## C. Conclusion

For all these reasons, Plaintiffs' motion for leave to amend (Docket No. 56) is granted. The Clerk is directed to separately file the amended complaint and accompanying exhibits, which are presently found at Docket Nos. 56-1 through 56-9. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), thus rendering moot Defendant's pending motion to dismiss. The Clerk is therefore directed to terminate that motion (Docket No. 47) without prejudice to refiling as to the amended complaint as appropriate. Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

There is plenty of time remaining in the discovery period and for dispositive motions. The Court also notes that the time to seek leave to amend is imminent, which minimizes, if not eliminates, the prospect of additional amendments.